IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ZACHERY THOMAS BRESSMAN                                                                    PLAINTIFF

v.                                         Civil No. 2:22-cv-02130-PKH-MEF

DEPUTY CORPORAL TEANI MEDLIN                                                          DEFENDANTS
and CAPTAIN DUMAS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.  Also before the Court is Defendants' Motion to Dismiss based on those failures.  (ECF No. 11).

### I.     BACKGROUND

Plaintiff filed his Complaint on August 10, 2022.  (ECF No. 1).  That same day, the Court entered an Order granting Plaintiff *in forma pauperis* status.  (ECF No. 3).  The Order advised Plaintiff that he must immediately inform the Court of any address change, or upon failing to do so his case would be subject to dismissal.  This Order was not returned as undeliverable.

On September 14, 2022, mail sent to Plaintiff was returned undeliverable.  (ECF No. 10).  The deadline for Plaintiff to advise the Court of his new address was set for October 14, 2022.  (*Id.*).  To date, Plaintiff has not provided the Court with a new address, and has not communicated with the Court since filing his Complaint on August 10, 2022.

On November 2, 2022, Defendants filed their Motion to Dismiss. (ECF No. 11). In their supporting brief, Defendants indicate that correspondence sent to Plaintiff was returned to them as undeliverable on September 23, 2022, indicating Plaintiff was no longer incarcerated in the Sebastian County Detention Center. (ECF No. 12 at 1). They further state that they have had no contact from Plaintiff since his release.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute

2

this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of November 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3